**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4135

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

O'BRIEN SHAQUILLE HOOKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17−cr−00067−FL−2)

Submitted:  May 15, 2023                                    Decided:  August 17, 2023

Before KING and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan Dubois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Ashley Foxx, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

O'Brien Shaquille Hooker pleaded guilty, without a plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(1) (Count One), Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951(b)(1) (Count Two), and discharging a firearm during the commission of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (Count 3). The district court imposed a 166-month term of imprisonment at sentencing, which Hooker appealed. We affirmed Hooker's conviction, vacated his sentence, and remanded for resentencing. *United States v. Hooker*, No. 18-4194, 2021 WL 4902089, at *2 (4th Cir. Oct. 21, 2021). On remand, the district court resentenced Hooker to 22 months' imprisonment on Counts One and Two, to be served concurrently, and 120 months' imprisonment on Count Three, to be served consecutively, for a total term of imprisonment of 142 months. The Court also imposed a term of five years' supervised release.

In the present appeal, Hooker contends that the district court erred at resentencing when it (1) used an incorrect benchmark, (2) failed to sufficiently address his nonfrivolous arguments for a lower sentence, and (3) failed to orally announce 13 discretionary standard conditions of supervised release.[1] We affirm.

---

[1] Hooker also contends on appeal, solely "[f]or preservation purposes," that the district court erred when it denied his motion to dismiss the indictment because Hobbs Act robbery is not a qualifying crime of violence under § 924(c). However, as we stated in our opinion affirming Hooker's conviction during his first appeal, this argument is foreclosed by our case law. *Hooker*, 2021 WL 4902089, at *1 (citing *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019)).

2

We review Hooker's procedural reasonableness challenges for abuse of discretion. *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010); *Gall v. United States*, 552 U.S. 38, 41 (2007).  A sentence is procedurally unreasonable if the district court errs by, for example, using a defendant's "original sentence—rather than his advisory sentencing range—as an initial benchmark at his resentencing," *United States v. Abed*, 3 F.4th 104, 118 (4th Cir. 2021), or failing to "conduct an individualized assessment of the facts . . . presented," *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks and citation omitted).  "The adequacy of the sentencing court's explanation depends on the complexity of each case," *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017), but "[t]he key is that the sentencing judge 'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority,'" *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Under *Rogers*,[2] a district court commits reversible error if it fails to orally pronounce all non-mandatory conditions of supervised release at a sentencing hearing.  *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).  A district court may satisfy its obligation to orally announce these conditions of supervised release, however, by incorporating by reference a separate set of conditions, including the Guidelines "standard" conditions or a court-wide standing order.  *Rogers*, 961 F.3d at 299.  "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release,

---

[2] *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).

3

the courts have reasoned, then a later-issued written judgment that details those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral pronouncement." *Id.* (citation omitted).

Upon review of the parties' briefs and the record, we find no reversible error in the district court's calculation of or reliance on the correct U.S. Sentencing Guidelines range, its analysis of Hooker's nonfrivolous arguments, or its incorporation by reference of the 13 discretionary standard conditions of supervised release.

Accordingly, we affirm Hooker's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4